# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FRIES,<br><br>           Plaintiff,<br><br>    v.<br><br>KERNAN, et al.,<br><br>           Defendants. | 1:18-cv-00652-LJO-SKO (PC)<br><br>**ORDER GRANTING FINAL EXTENSION OF TIME FOR PLAINTIFF TO FILE FIRST AMENDED COMPLAINT OR OTHER RESPONSE TO THE FIRST SCREENING ORDER**<br><br>(Doc. 15)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

      Plaintiff, Michael Fries, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On January 2, 2019, Plaintiff filed a motion seeking the appointment of counsel, which was denied without prejudice. (Docs. 13, 14.) On February 22, 2018, Plaintiff filed a motion objecting to the order denying his motion for appointment of counsel which was construed as a motion for reconsideration. (Docs. 15, 16.) The order denying Plaintiff's motion for reconsideration gave Plaintiff thirty days to file a first amended complaint or other response to the First Screening Order. (Doc. 16.) This deadline passed on April 13, 2019, without Plaintiff having filed a response. (*Id.*) Plaintiff instead filed a notice of appeal of the District Court's order denying his motion for reconsideration of the order denying his request for appointment of counsel. (Doc. 17.)

Plaintiff appears to mistakenly believe his notice of appeal obviated the need to respond to the First Screening Order. However, although the filing of a notice of appeal generally divests a district court of jurisdiction to determine the "substantial rights" at issue in an action during the pendency of the appeal, *Pyrodyne Corp. v. Pyrotronics Corp.*, 847 F.2d 1398, 1403 (9th Cir. 1988), an exception to this rule exists where a deficiency in the notice of appeal "is clear to the district court," *Ruby v. Secretary of the United States Navy*, 365 F.2d 385, 389 (9th Cir. 1966). In such cases, the district court may proceed with the case "knowing that it has not been deprived of jurisdiction." *Ruby*, 365 F.2d at 389. Because no appeal lies from an order denying a motion for appointment of counsel, *Wilborn v. Escalderon*, 789 F.2d 1328, 1330 (9th Cir. 1986), the Court retains jurisdiction over this action. Therefore, this action shall proceed despite the filing of Plaintiff's April 2, 2019, Notice of Appeal.

Since Plaintiff may not have been aware that his notice of appeal did not divest this Court of jurisdiction over this action, good cause exists to grant him **one final extension of time** to file a first amended complaint or other response to the First Screening Order.

Accordingly, it is HEREBY ORDERED that Plaintiff is granted an extension of **twenty-one (21) days** from the date of service of this order to file a first amended complaint or other response to the First Screening Order.

IT IS SO ORDERED.

Dated:   **April 24, 2019**                          /s/ *Sheila K. Oberto*
                                                                                         UNITED STATES MAGISTRATE JUDGE