# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FRIES,<br><br>        Plaintiff,<br><br>  v.<br><br>SCOTT KERNAN, et al.,<br><br>        Defendants. | Case No. 1:18-cv-00652-LJO-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FOR FAILURE TO STATE A CLAIM**<br><br>(Docs. 1, 11, 20)<br><br>TWENTY-ONE (21) DAY DEADLINE |

Plaintiff, Michael Fries, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On December 5, 2018, the Court issued the First Screening Order, finding that Plaintiff failed to state any cognizable claims and granting Plaintiff leave to file an amended complaint. (Doc. 11.) Instead of filing an amended complaint, Plaintiff filed a motion seeking the appointment of counsel, which was denied without prejudice. (Docs. 13, 14.) On February 22, 2018, Plaintiff filed a motion objecting to the order denying his motion for appointment of counsel which was construed as a motion for reconsideration. (Docs. 15, 16.) The order denying Plaintiff's motion for reconsideration gave Plaintiff thirty days to file a first amended complaint or other response to the First Screening Order. (Doc. 16.) This deadline passed on April 13, 2019, without a response from Plaintiff. (*Id.*)

Plaintiff filed a notice of appeal of the District Court's order denying his motion for reconsideration of the order denying his request for appointment of counsel. (Doc. 17.) Because no appeal lies from an order denying a motion for appointment of counsel, *Wilborn v.*

1

*Escalderon*, 789 F.2d 1328, 1330 (9th Cir. 1986), the Court retains jurisdiction over this action. As such, Plaintiff was granted one final extension of time to file an amended complaint or other response to the First Screening Order. (Doc. 20.) The extension of time has passed without Plaintiff having filed an amended complaint or other response.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause **within twenty-one (21) days** of the date of service of this order why the action should not be dismissed for both his failure to state a claim and to comply with the Court's order; alternatively, within that same time, Plaintiff may file a first amended complaint or a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated: **June 2, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE