| | |
|---|---|
| MICHAEL FRIES,<br><br>        Plaintiff,<br><br>    v.<br><br>KERNAN, et al.,<br><br>        Defendants. | 1:18-cv-00652-LJO-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE DUE TO PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER, FAILURE TO PROSECUTE, AND FAILURE TO STATE A CLAIM**<br><br>(Docs. 1, 11, 20, 22, 23)<br><br>TWENTY-ONE (21) DAY DEADLINE |

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

Plaintiff, Michael Fries, is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. On December 5, 2018, the Court issued the First Screening Order finding that the Complaint failed to state any cognizable claims and granting leave for Plaintiff to file a first amended complaint within twenty-one (21) days. (Doc. 11.) Plaintiff was warned in the First Screening Order that failure to comply would result in dismissal of this action for his failure to obey a court order, failure to prosecute, and failure to state a cognizable claim. (*Id.*)

Instead of filing a first amended complaint, on January 2, 2019, Plaintiff filed a motion for appointment of counsel. (Doc. 13.) This motion was denied on March 13, 2019, and Plaintiff was granted Plaintiff another thirty days to file a first amended complaint. (Doc. 14.) Instead of filing a first amended complaint, on February 22, 2019, Plaintiff filed objections to the order

1

denying appointment of counsel. (Doc. 15.) Plaintiff's objections were construed as a motion for reconsideration and were denied on March 13, 2019, by the District Judge assigned to the case, and Plaintiff was provided another thirty (30) days in which to file a first amended complaint. (Doc. 16.) Instead of filing a first amended complaint, on April 2, 2019, Plaintiff filed an appeal of the denial of counsel. (Doc. 17.) On April 25, 2019, the Court issued an order noting that Plaintiff had failed to file an amended complaint and had instead filed an appeal, informed Plaintiff that the orders denying counsel were not appealable, and granted Plaintiff one final twenty-one (21) day extension of time to file an amended complaint. (Doc. 20.) Plaintiff again failed to comply with the Court's order.

On May 31, 2019, the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction. (Doc. 21.) On June 3, 2019, this Court issued an order for Plaintiff to show cause, within twenty-one (21) days, why this action should not be dismissed because of his failure to comply with the Court's orders by filing an amended complaint. (Doc. 22.) Alternatively, that order gave Plaintiff twenty-one (21) days to file a first amended complaint or a notice of voluntary dismissal. (*Id.*) Instead of responding to the order to show cause, or filing an amended complaint or notice of voluntary dismissal, on June 24, 2019, Plaintiff filed a motion seeking yet another extension of time to file a first amended complaint. (Doc. 23.)

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to

prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with the First Screening Order and OSC, there is no alternative but to dismiss the action for Plaintiff's failure to obey the Court orders, failure to prosecute, and failure to state a cognizable claim. In Plaintiff's latest motion, he states this is his first request for an extension of time to file an amended pleading. (Doc. 23, p. 2.) However, as set forth above, Plaintiff has had more than six months in which to file a first amended complaint, and was repeatedly instructed by the Court of the requirement to do so. (*See* Docs. 11, 14, 16, 20, 22.) Plaintiff appears to have engaged in efforts to game the deadlines imposed in this action—without attempting to comply with the Court's orders. Plaintiff has submitted no evidence to justify a further extension of time and the Court finds none.

Accordingly, Plaintiff's motion for an extension of time to file a first amended complaint, filed on June 24, 2019, (Doc. 23), is **DENIED**.

Further, it is **HEREBY RECOMMENDED** that this action be dismissed, with prejudice, for Plaintiff's failure to obey a court order, to prosecute this action, and to state a cognizable claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 11, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE